**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13CR91-RLV-DCK-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| XAVIER AHMAD CADE | ) | |
| | ) | |

Defendant is in the course of serving a federal criminal justice sentence and asks for an adjustment of that sentence to reflect appropriate credit for time served. He doesn't provide details on how he claims his federal sentence should have been calculated, or a specific resulting calculation, but seems to be asking for credit for the time spent in federal detention for purposes of adjudication of his federal case. It appears that after his conviction and sentencing on the federal charge, he was given over to state custody and finished a state sentence. Having done that, he was brought back on a federal detainer to serve out his federal time.

Defendant makes reference to the notion of concurrent versus consecutive time, so this Court will do likewise.

**Background**

Defendant was arrested on federal charges on November 22, 2013. In this Court Defendant pled guilty to the Count Three offense, an 18 U. S.C. § 922(g)(1) firearms charge, and was sentenced on October 27, 2014, to serve 68 months active time. He returned to state custody on December 10, 2014, and concluded his service of that North Carolina state sentence on

February 12, 2013. He came back into federal custody on that date and is serving his 68 month sentence at Bennettsville FCI. The inmate locater service shows a projected release date of April 22, 2020.

## Conclusion

Defendant would be entitled to credit for the time he spent in federal custody for purposes of adjudication of his federal charges. 18 U.S.C. § 3585(b)(1). It appears that this Court when sentencing defendant did not state anything about the running of his federal sentence relative to the running of any state sentence. The Court did not intend, however, the instant federal sentence to run concurrently with the Defendant's remaining time to be served on any undischarged state sentence. Any such state sentence would have been imposed for a state crime which was unrelated to the instant federal offense, which occurred while Defendant was out on state probation.

It is the task of the Bureau of Prisons in the first instance to calculate Defendant's time to be spent in federal custody, based on this Court's sentencing judgment (Doc. 23). It is not stated in Defendant's motion that Defendant has exhausted, or even pursued, his administrative remedies within the BOP before making the instant motion.

Therefore, Defendant's motion will be, and is hereby, DISMISSED, without prejudice to renewal of the motion, to allow Defendant to pursue such remedies as he may have in the Bureau of Prisons.

Signed: May 23, 2018

Richard L. Voorhees
United States District Judge